THE HONORABLE RICHARD JONES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE

| | |
|---|---|
| MARDILLO ARNOLD, individually and on behalf of all those similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>MARRIOT INTERNATIONAL. a Foreign Profit Corporation; Jason Tyler, an individual,<br><br>                    Defendant. | No. 2:24-cv-00221-RAJ<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES |

Plaintiff claims against Defendants as follows:

## I.  NATURE OF ACTION

1.1. Plaintiff Mardillo Arnold individually, and on behalf of all individuals currently or formerly employed by Defendants in Washington State in hourly-paid or non-exempt positions, brings this action for money damages and statutory penalties for violations of Washington Industrial Welfare Act ("IWA"), RCW 49.12, Minimum Wage Act ("MWA"), RCW 49.46, Wage Payment Act ("WPA"), RCW 49.48,

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES - 1

**NOLAN LIM LAW FIRM, PS**
**1111 THIRD AVE SUITE 1850**
**SEATTLE, WA 98101**
**(206)963-9130**

Wage Rebate Act ("WRA"), RCW 49.52, and Seattle Municipal Code (SMC) 14.20 ("Seattle Wage Theft Ordinance").

## II. JURISDICTION AND VENUE

2.1. The Superior Court of Washington has jurisdiction of Plaintiff's claims pursuant to RCW 2.08.010.

2.2. Venue in King County is appropriate pursuant to RCW 4.12.025.

2.3. Defendants transact business and operate in King County.

2.4. At least some of the acts and omissions alleged in this Complaint took place in the State of Washington and King County.

2.5. Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because more than two-thirds of the members of the proposed plaintiff class in the aggregate are citizens of Washington; significant relief is sought from Defendants by members of the plaintiff class; the alleged conduct of Defendants forms a significant basis for the claims asserted by the proposed plaintiff class; Defendant is a citizen of Washington; the principal injuries resulting from the alleged conduct or any related conduct of Defendants were incurred in Washington; and during the three-year period preceding the filing of this action, no other class action has been filed asserting same or similar factual allegations against Defendants on behalf of the same or other persons. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(B), because two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary Defendants are citizens of the state of Washington. Federal jurisdiction is also inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(6), because the matter in controversy, determined by aggregating the claims of the individual class members, does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES - 2

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

2.6. Federal jurisdiction is inappropriate under the diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the matter in controversy between Plaintiff and Defendants does not exceed the sum or value of $75,000, exclusive of interest and costs.

### III. PARTIES

3.1. Defendant Marriott International, Inc. is headquartered in Bethesda, Maryland and operates its location, "The Westin Seattle" and serves customers throughout Washington including King County. Marriott is an employer for the purposes of the IWA, MWA, WPA, WRA, and WLAD.

3.2. Defendant Jason Tyler is an individual who resides in Washington State. Mr. Tyler is the Convention Services Manager at the Westin Seattle, in Seattle, WA and exercised control over Plaintiff and putative class members. Defendant Tyler has at all relevant times been a manager of Marriott International who is engaged in the Managing of all events at the Westin Seattle, including managing the scheduling and payments, and exercising control over how Plaintiff and those similarly situated are paid and the working conditions they are subjected to. Defendant Tyler is a citizen of Washington.

3.3. Plaintiff Mardillo Arnold, hereafter "Arnold," is a resident of King County, Washington, and a current employee of Defendants, at its location the Westin Seattle.

### IV. FACTUAL ALLEGATIONS

4.1. Plaintiff and members of the putative class and the Seattle subclass (as defined in section 5.2 below) are or were employed by Defendants in Washington State in positions paid on a non-exempt hourly wage basis.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES - 3

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

4.2. Defendants created and maintained work schedules and a working environment that discouraged Plaintiff and members of the putative class and the Seattle subclass from taking rest periods in compliance with Washington law.

4.3. Defendants failed to keep records of the occurrence, time, duration of paid rest periods.

4.4. At times, Plaintiff and members of the putative class and the Seattle subclass were required to work more than three consecutive hours without a rest period.

4.5. Plaintiff and members of the putative class and the Seattle subclass were not scheduled for and, at times, did not take a rest period in a duration of at least ten minutes, on the employer's time, for every four hours worked.

4.6. Defendants failed to establish and maintain a process for Plaintiff and members of the putative class and the Seattle subclass to report and be paid for instances of when they were required to work over three consecutive hours without a rest period, when they did not receive a rest period in at least a ten-minute duration, or when they failed to receive a rest period of at least ten minutes in length for each four hours worked.

4.7. Defendants did not compensate Plaintiff and members of the putative class and the Seattle subclass for an additional ten minutes of work, at their regular rate of pay, for each instance they required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each four hours worked.

4.8. Defendants did not compensate Plaintiff and members of the putative class and the Seattle subclass for rest periods separately and in addition to the piecework, commission, and/or other productivity-based wages.

4.9. There is no fairly debatable issue of law or any objectively or subjectively reasonable dispute whether Defendants needed to compensate Plaintiff and members of the

putative class and the Seattle subclass with an additional ten minutes of work, at their regular rate of pay, for each instance they required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each four hours worked.

4.10. Defendants' failure to compensate Plaintiff and members of the putative class and the Seattle subclass with an additional ten minutes of work, at their regular rate of pay, for each instance they required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each four hours worked was intentional and deliberate and was not the result of administrative or clerical errors.

4.11. Defendants created and maintained work schedules, job requirements, and a working environment that discouraged Plaintiff and members of the putative class and the Seattle subclass from taking meal periods in compliance with Washington law.

4.12. Plaintiff and members of the putative class and the Seattle subclass frequently worked shifts greater than five hours in duration, and at times were not scheduled for, were not provided with, did not take, and did not waive their rights to thirty-minute meal periods.

4.13. At times, Defendants failed to provide Plaintiff and members of the putative class and the Seattle subclass with meal periods in a duration of at least thirty minutes commencing no less than two hours nor more than five hours from the beginning of their shifts.

4.14. Defendants failed to establish and maintain a process for Plaintiff and members of the putative class and the Seattle subclass to report and be compensated for

instances of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods.

4.15. Defendants failed to compensate Plaintiff and members of the putative class and the Seattle subclass with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods.

4.16. Defendants created work conditions that required Plaintiff and members of the putative class and the Seattle subclass to work outside of their scheduled shifts and not receive compensation before shifts started.

4.17. Defendants' staff interrupted Plaintiff's meal and rest breaks because Defendants did not have staff to backfill or float to accommodate Arnold's meal and rest breaks in contrast to the duties Marriott expected them to perform. On information and belief, this was and remains a policy and practice common to all Class members.

4.18. There is no fairly debatable issue of law or any objectively or subjectively reasonable dispute whether Defendants needed to compensate Plaintiff and members of the putative class and the Seattle subclass with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration,

or when they were otherwise required to work over five consecutive hours without or between meal periods.

4.19. Defendants' failure to compensate Plaintiff and members of the putative class and the Seattle subclass with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours and no more than five hours from beginning of their shift for shifts greater than five hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods was intentional and deliberate and was not the result of administrative or clerical errors.

4.20. At times, Plaintiff and members of the putative class and the Seattle subclass were absent from work resulting from:

(1) personal mental or physical illness, injury, or health condition;

(2) medical diagnosis, care, or treatment of a mental or physical illness, injury, or health condition;

(3) preventative medical care;

(4) care for a family member with a mental or physical illness, injury, or health condition;

(5) care for a family member who needs medical diagnosis, care, or treatment of a mental or physical illness, injury, or health condition;

(6) care of a family member who needs preventative medical care;

(7) Defendants' business being closed by order of a public official for any health-related reason, such as COVID;

(8) child's school or place of care being closed for any health-related reason, such as COVID; or

(9) leave under the domestic violence leave act, chapter 49.76 RCW.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES - 7

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

4.21. Defendants failed to provide paid sick leave at a rate of at least one hour for every forty hours worked by Plaintiff and members of the putative class.

4.22. Defendants required Plaintiff and members of the putative class and the Seattle subclass to use their personal cell phone to perform work on a regular basis.

4.23. Defendants did not reimburse Plaintiff and members of the putative class and the Seattle subclass for any costs associated with using personal cell phones.

4.24. Plaintiff's counsel is experienced in complex wage and hour class action litigation and has been appointed Class Counsel in dozens of similar cases.

4.25. Plaintiff's counsel has adequate financial resources to prosecute this claim through trial and beyond.

## V. CLASS ACTION ALLEGATIONS

5.1. Pursuant to Civil Rule 23, Plaintiff brings this case as a class action against Defendants on behalf of a Class as defined as follows:

All hourly-paid or non-exempt employees of Defendants in Washington State from November 1, 2020, through the final resolution of this case.

5.2. Pursuant to Civil Rule 23, Plaintiff also bring this case as a class action against Defendants on behalf of a subclass as defined as follows:

All hourly-paid or non-exempt employees of Defendants in Washington State who worked in the City of Seattle from November 1, 2020, through the final resolution of this case.

5.3. This action is properly maintainable as a class action under CR 23(a) and (b)(3).

5.4. The number of putative class and Seattle subclass members exceeds forty and therefore, pursuant to CR 23(a)(1), it is impracticable to join all of the members of the class as defined herein as named plaintiffs.

5.5. Pursuant to CR 23(a)(2), there are common questions of law and fact among Plaintiff and members of the putative class and the Seattle subclass including, but not limited to:

(1) Whether Defendants were required to keep records of the occurrence, time and duration of rest periods provided to members of the putative class;

(2) whether Defendants failed to keep records of the occurrence, time and duration of rest periods;

(3) whether Defendants required members of the putative class and the Seattle subclass to work greater than three consecutive hours without a rest period;

(4) whether Defendants failed to ensure members of the putative class and the Seattle subclass received a compliant rest period of at least ten minutes in length, on the employer's time, for each four hours worked;

(5) whether Defendants were required to compensate members of the putative class and the Seattle subclass for an additional ten minutes of work for each instance they required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration, on the employer's time, for each four hours worked;

(6) whether Defendants failed to compensate members of the putative class and the Seattle subclass for an additional ten minutes of work for each instance they required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration, on the employer's time, for each four hours worked;

(7) whether Defendants failed to compensate members of the putative class and the Seattle subclass for rest periods separately and in addition to the piecework, commission, and/or other productivity-based wages;

1        (8)    whether Defendants failed to compensate members of the putative class and the Seattle subclass for rest periods separately and in addition to the piecework, commission, and/or other productivity-based wages;

        (9)    whether Defendants were required to provide members of the putative class and the Seattle subclass with meal periods in a duration of at least thirty minutes commencing no less than two hours nor more than five hours from the beginning of their shifts;

        (10)   whether Defendants failed to provide members of the putative class and the Seattle subclass with meal periods in a duration of at least thirty minutes commencing no less than two hours nor more than five hours from the beginning of their shifts;

        (11)   whether Defendants were required to provide second meal periods in a duration of at least thirty minutes for shifts greater than ten and one-half hours in duration or otherwise required members of the putative class and the Seattle subclass to work greater than five consecutive hours without or between meal periods;

        (12)   whether Defendants failed to provide second meal periods in a duration of at least thirty minutes for shifts greater than ten and one-half hours in duration or otherwise required members of the putative class and the Seattle subclass to work greater than five consecutive hours without or between meal periods;

        (13)   whether Defendants were required to compensate members of the putative class and the Seattle subclass with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration,

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES - 10

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

or when they were otherwise required to work over five consecutive hours without or between meal periods;

(14) whether Defendants failed to compensate members of the putative class and the Seattle subclass with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods;

(15) whether Defendants were required to provide paid sick leave at a rate of at least one hour for every forty hours worked by members of the putative class;

(16) whether Defendants failed to provide paid sick leave at a rate of at least one hour for every forty hours worked by members of the putative class;

(17) whether Defendants failed to compensate members of the putative class and the Seattle subclass for sick leave at the employee's regular and normal wage.

(18) whether Defendants were required to allow members of the putative class and the Seattle subclass to use accrued paid sick leave for qualifying absences;

(19) whether Defendants failed to allow members of the putative class and the Seattle subclass to use accrued paid sick leave for qualifying absences;

(20) whether Defendants acted willfully and with the intent of depriving wages or other compensation.

5.6. Pursuant to CR 23(a)(3), the named Plaintiff's claims are typical of the claims of all putative class and Seattle subclass members and of Defendants' anticipated defenses thereto.

5.7. The named and their counsel will fairly and adequately protect the interests of the class as required by CR 23(a)(4).

5.8. Pursuant to CR 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the putative class and Seattle subclass predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VI. FIRST CAUSE OF ACTION – FAILURE TO ACCRUE AND ALLOW THE USE OF PAID SICK LEAVE IN VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT

6.1. Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.

6.2. The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620 require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

6.3. Defendants violated the MWA by failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and members of the putative class and Seattle subclass.

6.4. Pursuant to RCW 49.46.200, Defendants must compensate members of the putative class and the Seattle subclass for sick leave at the employee's regular and normal wage;

6.5. As a result of Defendants' acts and omissions, Plaintiff and members of the putative class and the Seattle subclass have been damaged in amounts as will be proven at trial.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES - 12

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

## VII. SECOND CAUSE OF ACTION – CLASSWIDE FAILURE TO PAY WAGES OWED IN VIOLATION OF WASHINGTON LAW

7.1.   Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.

7.2.   The Washington Industrial Welfare Act, RCW 49.12, and its implementing regulation, WAC 296-126-092, require employers to provide thirty-minute meal periods to their employees for work shifts greater than five hours in length and prohibit employees from working more than five consecutive hours without a meal period.

7.3.   Employees have an implied cause of action for violations of RCW 49.12 to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).

7.4.   A meal period violation is a wage violation with employees entitled to thirty minutes of additional compensation for each instance they are required to work more than five consecutive hours without a compliant meal period. *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 560 (2018), citing *Hill v. Garda CL Nw., Inc.*, 198 Wn. App 326, 361 (2017).

7.5.   Defendants violated the Industrial Welfare Act and its implementing regulation by failing to provide members of the putative class and the Seattle subclass with compliant thirty-minute meal periods and by creating work schedules, staffing levels and conditions of work that discouraged compliant meal periods.

7.6.   Defendants' practice of failing to provide or pay Plaintiff and the Class for all meal and rest breaks deprived them of pay for all straight time and overtime hours actually worked, in violation of Washington law, including RCW 49.46.020, RCW 49.46.090, RCW 49.46.130, and RCW 49.52.050.

7.7.   Defendants violated the Minimum Wage Act and SMC 14.20 when they failed to compensate members of the putative class and the Seattle subclass for thirty

minutes of work for each time they did not provide a meal period in a duration of thirty minutes commencing between the second and fifth hour from the start of their shift or when they required them to work greater than five consecutive hours without or between meal periods.

7.8. Defendants' practices and policies encouraged Plaintiff and the Class to work off the clock depriving them of pay for all straight time and overtime hours actually worked, in violation of Washington law, including RCW 49.46.020, RCW 49.46.090, RCW 49.46.130, and RCW 49.52.050.

7.9. The Washington Industrial Welfare Act, RCW 49.12, and its implementing regulation, WAC 296-126-092, require employers to provide a rest period of not less than ten minutes, on the employer's time, for each four hours of working time.

7.10. Employees have an implied cause of action for violations of RCW 49.12 to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).

7.11. A rest period violation is a wage violation with employees entitled to ten minutes of additional compensation for each instance they are required or allowed to work longer than three consecutive hours without a rest break. *Id* at 849.

7.12. Defendants violated the Industrial Welfare Act and its implementing regulation by failing to ensure Plaintiff and members of the putative class and the Seattle subclass received a ten-minute paid rest period for every four hours worked and by failing to keep records of the occurrence, time and duration of rest periods taken, by failing to implement a process for members of the putative class and the Seattle subclass to report missed or otherwise noncompliant rest periods and by creating work schedules, staffing levels and conditions of work that discouraged paid rest periods.

7.13. Defendants violated the Minimum Wage Act and SMC 14.20 when they failed to compensate Plaintiff and members of the putative class and the Seattle subclass for an

additional ten minutes of work for each instance they required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each four hours worked.

7.14. Defendants violated the Industrial Welfare Act, the Minimum Wage Act, and SMC 14.20 when they failed to compensate Plaintiff and members of the putative class and the Seattle subclass for rest periods separately and in addition to piecework, commission, and/or other productivity-based wages.

7.15. As a result of Defendants' acts and omissions, Plaintiff and members of the putative class and the Seattle subclass have been damaged in amounts as will be proven at trial.

### VIII. THIRD CAUSE OF ACTION – UNLAWFUL FAILURE TO REIMBURSE EMPLOYEE FOR EXPENSES

8.1. Plaintiff restates and realleges the allegations set forth in all preceding paragraphs;

8.2. By the foregoing, Defendants' actions constitute a violation SMC 14.20.020 which requires Defendants to pay Plaintiff and the putative class and Seattle subclass members for all "Compensation" which includes reimbursement for employee expenses.

8.3. As a result of Defendants' acts and omissions, Plaintiff has been damaged in amounts as will be proven at trial.

### IX. FOURTH CAUSE OF ACTION – CLASSWIDE WILLFUL WITHHOLDING OF WAGES IN VIOLATION OF THE WASHINGTON WAGE REBATE ACT

9.1. Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.

9.2. By the foregoing, Defendants' actions constitute willful withholding of wages due in violation of RCW 49.52.050 and 070.

9.3.    As a result of Defendants' acts and omissions, Plaintiff and members of the putative class and the Seattle subclass have been damaged in amounts as will be proven at trial.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter an order against Defendants granting the following relief:

A.    Certification of this case as a class action pursuant to CR 23(a) and (b)(3);

B.    Damages for unpaid wages in amounts to be proven at trial;

C.    Exemplary damages pursuant to RCW 49.52.070;

D.    Treble Damages pursuant to SMC 14.20;

E.    Attorneys' fees and costs pursuant to RCW 49.46.090, 49.48.030, 49.52.070, 49.60.030;

F.    Additional Attorneys' fees pursuant to all applicable factors outlined in *Bowers v. Transamerica Title Ins.*, 100 Wn.2d 581, 593-597 (1983);

G.    Prejudgment interest pursuant to RCW 19.52.010; and

H.    Such other and further relief as the Court deems just and proper.

DATED this March 7, 2024

JUSTICE LAW CORPORATION

*s/Shunt Tatavos-Gharajeh*
Shunt Tatavos-Gharajeh, WSBA#59424
751 N Fair Oaks Ave. Suite 101
Pasadena, CA 91103

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES - 16

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

NOLAN LIM LAW FIRM, PS

s/*Nolan Lim*
Nolan Lim, WSBA #36830
NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101

*Attorneys for Plaintiff*

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES - 17

**NOLAN LIM LAW FIRM, PS**
**1111 THIRD AVE SUITE 1850**
**SEATTLE, WA 98101**
**(206)963-9130**