HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARDILLO ARNOLD, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARRIOTT INTERNATIONAL, a foreign profit corporation; and JASON TYLER, an individual,<br><br>　　　　　　　　　Defendants. | Case No.  3:24-cv-00221-RAJ<br><br>ORDER |

## I.     INTRODUCTION

THIS MATTER is before the Court on Defendants' Motion to Dismiss, Dkt. # 16, and Plaintiff's Motion to Remand, Dkt. #17.  Plaintiff requests oral argument, but the Court finds oral argument unnecessary.  For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Defendants' Motion to Dismiss as moot.

## II.     BACKGROUND

Plaintiff, an employee at Westin Seattle, filed a putative class action lawsuit in King County Superior Court on January 11, 2024. *See* Case No. 24-2-00837-3-SEA. Plaintiff asserts claims against Marriott International, Inc., a corporation headquartered in Maryland. Dkt. # 13 ¶ 3.1. Plaintiff also brings the same claims against the Convention Services Manager of the Westin Seattle, Jason Tyler, a resident of Washington State. *Id*. ¶ 3.2. Plaintiff alleges four causes of action against Defendants for violating: 1) the Washington Minimum Wage Act ("MWA") for preventing employees from accruing and using paid sick leave; 2) the Washington Industrial Welfare Act ("IWA") for failing to provide or pay employees for meal and rest breaks; 3) the Seattle Wage Theft Ordinance ("SWTO") for failing to reimburse employee for expenses; and 4) the Washington Wage Rebate Act ("WRA") for willfully withholding wages. *Id*. ¶¶ 6.1-9.3

On February 16, 2024, Defendants filed a Notice of Removal. *See* Dkt. # 1. The Notice of Removal asserted this Court has jurisdiction under (1) CAFA, because there is at least minimal diversity and the aggregate amount-in-controversy exceeds $5 million; and (2) 28 U.S.C. § 1332(a), because there is complete diversity and the amount in controversy exceeds $75,000. *Id*. Defendants assert diversity requirements are met in this case because Plaintiffs impermissibly joined Defendant Jason Tyler, a resident of Washington State, only to avoid removal. *See id*. ¶¶ 66-75. The Notice of Removal specifies that, the amount put into controversy by Plaintiff's asserted sick time, meal period, rest period, off-the-clock work, expense reimbursement, and withholding of wages claims exceeds $13 million, plus attorneys' fees. *See id*. ¶¶ 76-93.

ORDER - 2

After removal, on March 7, 2024, Plaintiff filed a First Amended Complaint. Dkt. # 13. On March 14, 2024, Defendants filed their Motion to Dismiss. Dkt. # 16. On March 18, 2024, Plaintiff filed a Motion to Remand to King County Superior Court. Dkt # 17.

### III.   LEGAL STANDARDS

#### A.   Diversity Jurisdiction

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); *see* 28 U.S.C. § 1441(a). One such basis for removal is diversity jurisdiction, which exists if the suit is brought between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Furthermore, "[courts] strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

#### B.   CAFA Jurisdiction

CAFA authorizes federal subject matter jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, the proposed class has at least 100 members, and minimal diversity exists between any plaintiff and any defendant. 28 U.S.C. § 1332(d)(1), (2), (5). There is no presumption against removal under CAFA as there is for a typical removal of a state court case on diversity grounds. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

## IV.     DISCUSSION

Plaintiff asserts this Court should remand to state court because Defendants have failed to meet the CAFA's amount in controversy and diversity requirements. *See* Dkt. # 17. Defendants oppose both of Plaintiff's remand arguments. *See* Dkt. # 23. Specifically, Defendants argue there is complete diversity in this matter, arguing Plaintiff fraudulently joined Defendant Tyler. *See id.*

After reviewing all the briefing in support of the pending motions, the Court finds Defendants fail to meet the minimum diversity requirement to establish jurisdiction under CAFA. Accordingly, the Court only needs to address and evaluate the issue of fraudulent joinder to determine that it lacks subject matter jurisdiction to adjudicate this case.

### A.     Diversity and Fraudulent Joinder

Defendants assert that minimum diversity requirements are met because Defendant Tyler is a "sham" defendant that was fraudulently joined to evade removal to federal court. Dkt. # 23 at 18. Defendants challenge the sufficiency of Plaintiff's allegations as insufficient to support his individual liability as an "employer" under the WRA, IWA, and SWTO.[1] In the First Amended Complaint, Plaintiff makes only one specific statement as to Defendant Tyler:

> Defendant Jason Tyler is an individual who resides in Washington State. Mr. Tyler is the Convention Services Manager at the Westin Seattle, in Seattle, WA and exercised control over Plaintiff and putative class members. Defendant Tyler has at all relevant times been a manager of Marriott International who is engaged in the Managing of all events at the Westin Seattle, including managing the scheduling and payments, and exercising control over how Plaintiff and those similarly situated are paid and the working conditions they are subjected to. Defendant Tyler is a citizen of Washington.

---

[1] Although Plaintiffs bring a claim under the MWA against Defendant Tyler, the opposition to the remand does not expressly challenge Defendant Tyler's joinder under the MWA. *See* Dkt. # 23. Therefore, the Court will not discuss this issue.

ORDER - 4

Dkt. # 13 ¶ 13.2. Plaintiff contends that a cause of action was properly stated against Defendant Tyler because Washington State is a notice pleading state, which only requires "a simple, concise statement of the claim and the relief sought." Dkt. # 25 at 9-10 (quoting *Shooting Park Ass'n v. City of Sequim*, 158 Wash. 2d 342, 351 (2006)).

Joinder of a non-diverse defendant is deemed fraudulent if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citation omitted). Removing defendants are "entitled to present [ ] facts showing the joinder to be fraudulent." *McCabe v. Gen. Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987). Removing defendants bear this "heavy burden" given "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (internal quotations omitted). Thus, "[f]raudulent joinder must be proven by clear and convincing evidence." *Id*. at 1043.

"[T]he purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction[.]" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Accordingly, the standard for finding fraudulent joinder is not the same as whether the plaintiff has stated a claim on which relief can be granted, but it is more akin to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1). *See id.* Even if a claim against a defendant may fail under Rule 12(b)(6), that defendant has not necessarily been fraudulently joined. *See id*. A federal court must find that a defendant was properly joined and remand the case to state court if there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id*. at 548 (quoting *Hunter*, 582 F.3d at 1046).

ORDER - 5

Here, the Court can only permit removal to federal court if it finds Plaintiff fraudulently joined Defendant Tyler, the non-diverse defendant. This question turns on whether a Washington State court, applying Washington law and pleading standards, could find that the operative complaint stated a claim against Defendant Tyler.[2]

### 1. WRA

Defendants challenge the sufficiency of Plaintiff's WRA claims against Defendant Tyler. They argue, Plaintiff provides "no specific factual allegations whatsoever suggesting that Tyler (1) acted as the employer's agent with control over wages, or (2) that he 'willfully' and intentionally withheld the claimant's wages—a requirement for individual liability for wage violations." Dkt. # 23 at 19. Defendants acknowledge that there are circumstances in which some individuals do qualify as "employers" under the state statute, but nonetheless contend that "Plaintiff provided zero factual support that Tyler exercised 'control' under the statutory definition of 'employer.'" *Id*. at 19-20.

The WRA applies to any "employer or officer, vice principal or agent of any employer" that "[w]ilfully and with intent to deprive the employee" pays the employee "a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract." Wash. Rev. Code §§ 49.52.070, 49.52.050(2).

For individual liability under the WRA, a finding that the individual in question is managing the employer's business is insufficient. *Ellerman v. Centerpoint Prepress, Inc.*, 143 Wash. 2d 514, 521 (Wash. 2001). Under the WRA, an individual cannot be said to have willfully withheld wages unless he or she "exercised control over the direct payment of the funds and acted pursuant to that authority." *Id*. To find otherwise "could

---

[2] The Court observes that federal pleading standards require more factual support to state a claim than notice pleading standards require. "Washington is a notice pleading state and merely requires a simple, concise statement of the claim and the relief sought." *Shooting Park Ass'n,* 158 Wash. 2d at 352. Therefore, the Court should apply notice pleading requirements in addressing whether Defendant Tyler was fraudulently joined in a case initiated in a Washington State court.

result in substantial unfairness by imposing personal liability on managers or supervisors who had no direct control over the payment of wages." *Id.* at 512.

Here, although in a non-detailed manner, the Complaint asserts Defendant Tyler managed, scheduled, and exercised control over the payment of wages for Plaintiff and those similarly situated. Dkt. # 13 ¶ 13.2. Defendants do not present any facts to refute the assertion that Tyler exercised control over the payment of wages. *See* Dkt. # 23 at 19-20. Instead, Defendants attack the sufficiency and factual support of the allegations against Defendant Tyler. *See id.* Defendants do not contend or show that these allegations are "wholly insubstantial and frivolous," which is required for a showing of fraudulent joinder. *See id.* Therefore, Defendants have not met the "heavy burden" required to show fraudulent joinder to demonstrate that CAFA jurisdiction is appropriate in this matter.

      **2.**     **IWA**

Defendants also challenge the sufficiency of Plaintiff's IWA claims against Defendant Tyler. Defendants argue that Plaintiffs' claims fail under the IWA because "Plaintiff relies on the same conclusory sentence to argue he has plausibly alleged [IWA] claims against Tyler as an 'employer'" and "Plaintiff provides no factual support showing that Tyler 'engage[d] in business' or 'employe[d] one or more employees.'" *Id.* at 20.

The IWA defines an "employer" as "any person, firm, corporation, partnership, business trust, legal representative, or other business entity which engages in any business, industry, profession, or activity in this state and employs one or more employees." Wash. Rev. Code § 49.12.005(3)(b). In *Ramirez v. Precision Drywall, Inc.*, cited by Defendants, the decision acknowledges the IWA's definition of employer "does not preclude an individual from being held liable for violations of the IWA where that individual engages in business and employs employees." 164 Wash. App. 1031 (2011).

Defendants' challenge attempts to apply the plausibility standard used for Rule 12(b)(6) motions. In *Ramirez*, the Washington State appellate court acknowledged that it is *possible* for an employee to be held liable under the IWA even if the individual does not meet the statutory definition of employer. *See id*. Given Washington State's notice pleading standards and this available theory of liability, it is possible, that a state court could find that Plaintiff stated a cause of action against Defendant Tyler under the IWA. Therefore, Defendants fail to meet the heavy burden to establish fraudulent joinder on this basis.

### 3. SWTO

Defendants dispute the sufficiency of Plaintiff's SWTO claims against Defendant Tyler. They argue "Plaintiff offers no factual support to determine Tyler's degree of supervision or any alleged control over Plaintiff's wages for purposes of the [SWTO][.]" Dkt. # 23 at 20. Further, Defendants assert that "Plaintiff's generic and conclusory references to 'Defendants' cannot support claims that Tyler possessed the 'control' necessary for individual liability." Dkt. # 23 at 20. Defendants cite to their motion to dismiss, Dkt. # 16 at 10-11, in support of their argument. *Id*.

Under the SWTO's definitions, "'[e]mployer' means any individual, partnership, association, corporation, business trust, or any entity, person or group of persons, or a successor thereof, that employs another person and includes any such entity or person acting directly or indirectly in the interest of an employer in relation to an employee." SMC 14.20.10. The ordinance specifies that, "[m]ore than one entity may be the 'employer' if employment by one employer is not completely disassociated from employment by the other employer." *Id*.

Once again, Defendants only challenge the sufficiency of the allegations and fail to demonstrate that the allegations are insubstantial and frivolous. As the facts are undisputed, it is possible that a Washington State court could find that Defendant Tyler qualifies as employer as a "person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* Therefore, Defendants have not met the heavy burden required to support a finding of fraudulent joinder on this basis.

### 4. Conclusion

Defendants do not meet the high burden of demonstrating that Plaintiff fraudulently joined Defendant Tyler. Although a party is entitled to present facts beyond the pleadings to show joinder is fraudulent, Defendants have not submitted any evidence to refute the claims against Defendant Tyler. Without this showing, a Washington State court could find that Plaintiff properly stated a claim against Defendant Tyler under the laws discussed above. Therefore, the Court must remand this matter because Defendants failed to show that the parties meet the requisite diversity requirements to establish that the Court has subject matter jurisdiction over this case.

## V.  CONCLUSION

Accordingly, Plaintiff's Motion to Remand this case to the King County Superior Court is **GRANTED**. Dkt. # 17. Defendants' Motion to Dismiss is **DENIED** as moot. Dkt. # 16.

Dated this 3rd day of October, 2024.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge