THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARDILLO ARNOLD, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, A Foreign Profit Corporation, JASON TYLER, An Individual,<br><br>Defendants. | Case No. 2:24-cv-00221-RAJ<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br><br>NOTE ON MOTION CALENDAR:<br>October 8, 2024 |

The Court should grant reconsideration of its Order remanding this case to King County Superior Court. *See* Order, Dkt. 26. The Court adopted a position that Plaintiff did not advance, and that was inconsistent with the undisputed facts and law. Specifically, the Court found that Defendants failed to establish minimal diversity under the Class Action Fairness Act (CAFA), *id.* at 9, even though it is undisputed that there is minimal diversity between Plaintiff (a citizen of Washington) and one of the Defendants, Marriott International (a citizen of Maryland and Delaware), Notice of Removal ¶ 14, Dkt. 1.

It appears the Court reached this incorrect result because it effectively applied a *complete* diversity requirement (though the Order used the correct term, "minimal diversity"), when only

DEFENDANTS' MOTION FOR
RECONSIDERATION - 1
(Case No. 2:24-cv-00221-RAJ)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

*minimal* diversity is required under CAFA. *See* 28 U.S.C. § 1332(a), (d)(2)(A). In particular, the Court found that one Defendant, Jason Tyler, was not diverse, and thus concluded diversity could not be established. Order at 9. But the existence of a non-diverse Defendant only precludes *complete* diversity under 28 U.S.C. § 1332(a), not *minimal* diversity under CAFA. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (explaining that "under CAFA, complete diversity is not required; 'minimal diversity' suffices"). Because Plaintiff and Marriott are indisputably diverse, the CAFA minimal diversity requirement is satisfied as a matter of law, and this Court should reconsider and rescind its Order granting remand, and then consider the arguments that were advanced by the parties regarding the propriety of removal under CAFA in this case, based on the amount in controversy.[1]  *See* Mot. for Remand at 6–13; Opp. at 5–16.

## ARGUMENT

CAFA grants federal courts original jurisdiction in any class action where three requirements are met: (1) there is *minimal* diversity of citizenship between any plaintiff and *any defendant*; (2) the proposed class has at least 100 members; and (3) the aggregated amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d). In other words, CAFA relaxes the typical diversity requirement, allowing jurisdiction where at least one plaintiff is diverse from at least one defendant. "Complete diversity" is not required. *Cf.* 28 U.S.C. § 1332(a)(1)–(4).

Plaintiff is a citizen of Washington. Am. Compl. at ¶ 3.3, Dkt. 13. In its Notice of Removal, Defendants made clear that one Defendant, Marriott International, is a citizen of

---

[1] For the avoidance of doubt, the deadline for Defendants to petition to appeal to the Ninth Circuit from the Court's Order is October 15, 2024. *See* 28 U.S.C. § 1453(c)(1). It is not clear that this motion for reconsideration will toll the appeal deadline, if reconsideration is not granted before October 15. Thus, if the Court does not rescind its remand Order prior to October 15, Defendants will need to file their petition to appeal on that date, along with a motion to stay remand pending the appeal. Defendants provide the information in this footnote solely to inform the Court of the timing requirements governing their anticipated petition to appeal, because Defendants would not want to surprise the Court if they end up needing to file such a petition while the Court is still considering this motion for reconsideration.

DEFENDANTS' MOTION FOR
RECONSIDERATION - 2
(Case No. 2:24-cv-00221-RAJ)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Maryland and Delaware. Notice of Removal ¶ 14. The other Defendant, Jason Tyler, is a citizen of Washington. Notice of Removal ¶¶ 12–13. Thus, minimal diversity for purposes of CAFA is indisputable, while complete diversity is not. As a result, Defendants removed on two grounds. First, they removed on the basis of minimal diversity under CAFA. Notice of Removal ¶¶ 9–61. Second, they removed on the alternative basis of complete diversity under 28 U.S.C. § 1332(a), arguing that Mr. Tyler was fraudulently joined and thus should not preclude complete diversity. Notice of Removal ¶¶ 62–98. Each argument presents an independent basis for removal in this case.

In his motion for remand, Plaintiff did ***not*** challenge the existence of minimal diversity under CAFA; instead, with respect to CAFA, he only challenged whether the amount-in-controversy exceeded the threshold required by CAFA, $5,000,000. *See* Mot. for Remand at 6–13. Plaintiff also challenged the existence of *complete* diversity under 28 U.S.C. § 1332(a). *Id.* at 17–19. Accordingly, in their opposition, Defendants made clear, with respect to CAFA, that "Plaintiff's Motion *only* challenges whether the amount in controversy exceeds $5,000,000." Opp. to Remand at 4 (emphasis added). Defendants did not further discuss the existence of minimal diversity in their opposition, because it was already covered by the Notice of Removal and it was *undisputed* by Plaintiffs.

Unfortunately, it appears that this background led to some confusion when the Court ruled on the remand motion. In its Order, in finding that there is no *minimal* diversity in this case, the Court refers to Defendants' arguments on their alternative argument of *complete* diversity. Order at 4, 6–8 (citing Defs.' Opp. to Remand at 18–20, which argued in the alternative that, even if the Court had not already had jursidiction under CAFA, the case was also properly removed based on *diversity* jurisdiction because of the fraudulent joinder of Tyler). The Court's Order appears to conflate Defendants' arguments and thus confuses the distinct jurisdictional standards under CAFA and complete diversity jurisdiction. While the latter requires complete diversity, 28 U.S.C. § 1332(a), the former requires only *minimal* diversity, 28 U.S.C. § 1332(d)(2)(A).

DEFENDANTS' MOTION FOR
RECONSIDERATION - 3
(Case No. 2:24-cv-00221-RAJ)

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, Washington 98101
Tel +1.206.274.6400   Fax +1.206.274.6401

By citing only to the "sham defendant" portion of Defendants' brief on complete diversity, the Court overlooks the fact that minimal diversity was undisputed. Defendant's sham defendant argument only relates to diversity jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity. The argument is irrelevant to CAFA jurisdiction, which requires minimal diversity. No one disputes or could dispute that the parties are minimally diverse for purposes of CAFA. Plaintiff's Complaint acknowledges that Marriott is based in Maryland. Am. Compl. at ¶ 3.1 ("Defendant Marriott International, Inc. is headquartered in Bethesda, Maryland . . ."). And Plaintiff did not contest Marriott's citizenship in its Notice of Removal. *See* Notice of Removal at ¶ 15 ("Defendant Marriott International, Inc. is a corporation organized under the laws of the State of Delaware. Its principal place of business and corporate headquarters is in Bethesda, Maryland, where its officers direct, control, and coordinate corporate activities. Marriott is not and has never been organized under the laws of the state of Washington, nor are its headquarters, executive offices, or officers based in Washington.").[2] Plaintiff did not brief the minimal diversity issue at all, *see* Mot. for Remand at 5, so Defendants did not raise the matter in their Opposition either, *see* Opp. at 3–5. Instead, the briefing on CAFA focused on the amount in controversy.

## CONCLUSION

In short, the parties' minimal diversity for purposes of CAFA is undisputed in this case. Because Plaintiff and Marriott ("*any* defendant") are diverse, Defendant Tyler's citizenship is

---

[2] If the Court would like further substantiation of this point, it can take judicial notice of the publicly available record that Marriott is incorporated in Delaware. *See* "Marriott International, Inc." (No. 2798413), Delaware Department of State: Division of Corporations, *available at* https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx (searching "Marriott International, Inc."). Courts routinely take judicial notice of such records. *See, e.g.*, *Joyce v. Amazon.com, Inc.*, No. 2:22-CV-00617, 2023 WL 8370101, at *3 (W.D. Wash. Dec. 4, 2023) (taking judicial notice of records on publicly available government websites); *Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, 631 F. Supp. 3d 950, 961 (W.D. Wash. 2022) (taking judicial notice of business records on file with the California Secretary of State); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011) (taking judicial notice of a party's state of incorporation because "public records and government documents are generally considered not to be subject to reasonable dispute") (internal quotation marks omitted).

DEFENDANTS' MOTION FOR
RECONSIDERATION - 4
(Case No. 2:24-cv-00221-RAJ)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

irrelevant to *minimal* diversity.  By analyzing complete diversity instead, the Court erroneously applied the wrong rule.  For these reasons, the Court should grant this reconsideration, rescind its remand Order, and consider the remaining arguments regarding remand in the parties' briefing on Plaintiff's motion for remand, as well as considering Defendants' motion to dismiss.

Dated this 8th day of October, 2024.

*I certify that this memorandum contains 1,354 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA #46754
Claire M. Lesikar, WSBA #60406
Anne E. Philpot, WSBA #59257
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email:   damon.elder@morganlewis.com
            claire.lesikar@morganlewis.com
            anne.philpot@morganlewis.com

*Attorneys for Defendants*

DEFENDANTS' MOTION FOR
RECONSIDERATION - 5
(Case No. 2:24-cv-00221-RAJ)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401