THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARDILLO ARNOLD, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br>v.<br><br>MARRIOTT INTERNATIONAL, a Foreign Profit Corporation; JASON TYLER, an individual;<br><br>Defendant. | Case No.: 2:24-cv-00221-RAJ<br><br>**PLAINTIFF MARDILLO ARNOLD'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>NOTED FOR: October 23, 2024 |

I.  **INTRODUCTION:**

Plaintiff is hereby responding to this court's order to respond to Defendant's Motion for Reconsideration. Dkt 26 (Court Order) and Dkt. 28 (Minute Order Giving Plaintiff Leave to Respond). Plaintiff believes this court should deny Defendant's Motion for Reconsideration because even if minimal diversity exist, Defendant fails to provide evidence that Defendant meets

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT,
2:24-cv-00221-RAJ - - 1 -

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste 101
Pasadena, California, 91103.
(818)230-7259

the "amount of controversy" requirements of CAFA given the facts provided by Defendant and the overwhelming legal authority that supports no CAFA jurisdiction in this matter.

II. **ISSUE PRESENTED**

Should this court deny Defendant's Motion for Consideration? Yes.

III. **LEGAL ANALYSIS**

1. **Standard for Motion for Reconsideration**

The court will ordinarily deny [motions for reconsideration] in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). See *Christianson v. Boeing Co.*, No. C20-1349RSM, 2022 WL 2106140, at *1 (W.D. Wash. June 10, 2022).

2. **This Court Ruled on Defendant not establishing "Minimal Diversity"**

Defendant incorrectly states that this court did not rule on the issue of minimal diversity. See Dkt. 27, pg. 3. Defendant's gloss over that this court already did rule on "minimal diversity" as this court clearly states, "After review all the briefing in support of the pending motions, the Court finds Defendants fail to meet the minimum diversity requirement to establish jurisdiction under CAFA." Dkt. 26, 4:7-4:10. Defendant's after the fact, simply disagree with this court's conclusions on minimal diversity. Simple disagreement, however, with a court's reasoning is not enough to meet the Motion for Reconsideration standard. See FRCP Rule 60.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT,
2:24-cv-00221-RAJ - − 2 −

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste 101
Pasadena, California, 91103.
(818)230-7259

3. **Even if this Court Rules that Minimal Diversity for CAFA purposes was established, the Motion for Reconsideration Should be Denied because Defendant does not Meet the Amount in Controversy Requirement**

This court's reasoning denying Defendant's attempt to assert complete diversity jurisdiction, should apply equally to Defendant's attempts to support the Amount in Controversy requirement of CAFA that it clearly does not meet. As plaintiff stated in its Motion for Remand, the Defendant has relied upon unreasonable and speculative assumptions to argue that they meet the amount in controversy requirement. See Dkt. 25. Defendant's fact supporting its amount in controversy is lacking just like its evidence to try and support their argument that Tyler was a "Sham Defendant" was lacking. Defendants have not met their burden that the amount in controversy is over five million dollars for all the reasons stated in Plaintiffs' Motion for Remand. See Dkt. 17, 9-16 (Motion to Remand), and Dkt. 25 (Plaintiff's Reply to Motion for Remand).    Defendants only "real evidence" supporting their claims that the amount in controversy is over five million dollars is a simple declaration from Tiffany Schafer, Vice President of Human Resources, stating the number of employees and workweeks during the relevant class period. See Dkt. 24, pg. 2. These facts alone clearly do not establish in and of themselves that the amount in controversy is over $5,000,000. Defendants carry a "heavy burden" to establish the "amount in controversy". *Urias v. Labcorp Peri-Approval & Commercialization Inc.,* 710 F. Supp. 3d 838, 842 (S.D. Cal. 2024) ("[I]f the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." Citing *Ibarra vs. Manhein Invs., Inc*., 775 F.3d at 1193, 1199 (9th Cir. 2015).

Several District Courts in this Circuit since the filing of Plaintiff's Motion for Remand have ruled against parties asserting an amount in controversy is over $5,000,0000 because the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT,
2:24-cv-00221-RAJ - - 3 -

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste 101
Pasadena, California, 91103.
(818)230-7259

evidence supporting the "amount of controversy" is simply lacking when based on speculation and conjecture. See *Licea v. Kontoor Brands, Inc.,* No. 2:23-CV-05903-SSS-DTBX, 2024 WL 4479848, at *2 (C.D. Cal. Oct. 10, 2024); *Sapphire v. Fred Meyer Stores Inc.,* No. 2:24-CV-32, 2024 WL 4315177, at *6 (W.D. Wash. Sept. 27, 2024) (representation of damage figures in mediation does not satisfy burden for CAFA jurisdiction); *Heather Parker v. Lendmark Fin. Servs., LLC, et al.,* No. EDCV 24-1592-KK-SPX, 2024 WL 4502278, at *7 (C.D. Cal. Oct. 16, 2024)( the Court finds, as other courts in this district have held, it is unreasonable for Defendant to rely almost entirely on unsupported assumptions to establish an amount in controversy). Indeed, another district court in this circuit has already ruled that similar arguments proffered by Marriott including assumptions of 100% violation rates are not sufficient to support CAFA jurisdiction. See *Mendoza v. Marriott Int'l Inc., No. 2:24-CV-04120-AB-JPR, 2024 WL 4100865, at *4 (C.D. Cal. Sept. 6, 2024) (*Defendant's use of a 100% violation rate to assume that it will pay wages to each of the 1,562 former non-exempt employees is unsupported and held that assumptions seemed to be made "out of thin air."). Here, Defendant also used a flawed 100% violation rate to try and support Plaintiff's expense reimbursement claim and paid sick leave claims just like they did in *Mendoza.* Id.

. Given this overwhelming legal authority, Defendant's Motion for Reconsideration should be denied because whether "minimal diversity' is established is moot given the overwhelming lack of evidence to support that Defendant does not have more than speculative unsupported fact supporting the "Amount in Controversy" prong of CAFA.

III.    **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion for Reconsideration.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT,
2:24-cv-00221-RAJ - ‐  4  ‐

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste 101
Pasadena, California, 91103.
(818)230-7259

/

/

I certify that this memorandum contains 1070 words, in compliance with the Local Civil Rules.

DATED: October 23, 2024

**JUSTICE LAW CORPORATION**

By:/s/ Shunt Tatavos-Gharajeh
Douglas Han
Shunt Tatavos-Gharajeh
Justice Law Corporation
751 N. Fair Oaks Ave., Ste 101
Pasadena, CA 91103
Attorneys for Plaintiff

**NOLAN LIM LAW FIRM, PS**

By:/s/ _Nolan Lim
Nolan Lim, WSBA #36830
NOLAN LIM LAW FIRM, PS
1111 Third Ave. Suite 1850
Seattle, WA 98101
Attorneys for Plaintiff

/

/

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT,
2:24-cv-00221-RAJ - – 5 –

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste 101
Pasadena, California, 91103.
(818)230-7259

1  /
2  /
3  /
4  /
5  /
6  /
7  /
8  /
9  /
10 /
11 /
12 /
13 /
14 /
15 /
16 /

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT,
2:24-cv-00221-RAJ - - 6 -

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste 101
Pasadena, California, 91103.
(818)230-7259